FILED
APR 0 9 2013
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CLINTON LEWISON and BEVERLY LEWISON, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN NATIONAL MUTUAL INSURANCE COMPANY, <br><br> Defendant. | CIV. #13- 4031 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, Clinton Lewison and Beverly Lewison, by and through their counsel of record, and for their causes of action against the Defendant, do hereby state and allege as follows:

## NATURE OF THE ACTION

This is a bad faith action brought by Plaintiffs Clinton Lewison and Beverly Lewison ("Plaintiffs") against Defendant Western National Mutual Insurance Company ("Defendant"). Plaintiffs were severely and permanently injured in an automobile collision. Their damages exceeded the minimal limits available on the policy of the tortfeasor responsible for the collision, and they were denied underinsurance coverage available to them as insureds under their auto policy with Defendant. They were forced to institute litigation to recover those benefits. The Plaintiffs have brought this action to recover against Defendant for its bad faith in handling their claims.

1

## PARTIES

1. Plaintiffs Clinton Lewison and Beverly Lewison are citizens of the State of South Dakota and residents of Minnehaha County.

2. Upon information and belief, Defendant Western National is a corporation duly organized and existing under the laws of the State of Minnesota, with a principal place of business located at 5350 West 78th Street, Edina, MN 55439, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Defendant provided auto coverage to the Plaintiffs pursuant to an insurance policy issued as Policy Number PAP-000057727 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6. The Plaintiffs were insureds under the Policy, which provided underinsurance coverage up to a limit of One Hundred Thousand Dollars ($100,000) per person, up to Three Hundred Thousand Dollars ($300,000) per accident. *See* Exhibit A.

7. On August 24, 2010, while the Policy was in force, the Plaintiffs were severely and permanently injured in an automobile collision. *See* Exhibit B. To date, the Plaintiffs have incurred combined medical bills totaling $97,683.38, as well as lost earnings. The collision and

the Plaintiffs' resulting injuries and other damages were solely the fault of Alexander West. West subsequently pled guilty to a citation filed against him as a result of the collision.

8. West was underinsured. He tendered personal liability insurance payments in the amount of $25,000 to Plaintiff Clinton Lewison and $25,000 to Plaintiff Beverly Lewison. These payments were substantially less than the amount reasonably necessary to compensate the Plaintiffs for their injuries and other damages sustained in the collision.

9. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983), the Defendant was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Defendant declined and waived the opportunity to substitute its draft or object to the settlement.

10. On or about January 10, 2012, the Plaintiffs accepted the $50,000 on the policy covering West.

11. The payments received from the policy covering West were insufficient to compensate the Plaintiffs for their serious and permanent injuries and other damages that they suffered in the automobile collision caused by West's negligence.

12. Plaintiffs thereafter sought recovery of UIM benefits from the Defendant for Plaintiffs' uncompensated damages, in accordance with the terms of the Policy, and the Defendant wrongfully refused payment of the same

13. Plaintiffs were forced to initiate litigation in order to recover their UIM benefits from Defendant.

14. After approximately nine months of litigation, Defendant paid the Clinton Lewison $75,000 in UIM benefits (the policy limits) and waived its $5,000 right of subrogation for the medical payments it had made on Mr. Lewison's behalf.

3

15. After approximately nine months of litigation, Defendant paid Beverly Lewison $30,000 in UIM benefits and waived its $5,000 right of subrogation for the medical payments it had made on Mrs. Lewison's behalf.

16. Plaintiffs were forced to incur $35,000 in attorney's fees, financial distress, and mental and emotional distress, as well as out of pocket expenses in pursuing their UIM case.

## COUNT ONE
### *Bad Faith Handling of Clinton Lewison's Claim*

17. Plaintiffs hereby reallege paragraphs 1-16 and all previous paragraphs and incorporate them as though fully set forth herein.

18. Because the policy constituted a contract of insurance between Clinton Lewison and the Defendant, there existed an implied covenant of good faith and fair dealing between them.

19. Clinton Lewison suffered a loss within the policy period that was compensable under the terms of the policy, provided timely notice to the Defendant of the occurrence giving rise to coverage, and demanded payment for the same.

20. The Defendant knew that there was a lack of reasonable basis for denial of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

21. The Defendant denied Clinton Lewison's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

22. The Defendant's refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to the Clinton Lewison, including, but not limited to, attorney's fees, financial distress and emotional distress.

4

23. The Defendant used unfair and deceptive acts and practices in dealing with Clinton Lewison's claim for coverage through, among other things, its failure to acknowledge and act on his claim, its failure to adhere to reasonable standards in promptly investigating the claim, its failure to promptly provide a reasonable explanation of the basis of the denial, and its failure to promptly settle Clinton Lewison's claim when liability was clear.

24. The Defendant's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton, and with reckless disregard, entitling Clinton Lewison to an award of punitive damages.

## COUNT TWO
### *Bad Faith Handling of Beverly Lewison's Claim*

25. Plaintiffs hereby reallege paragraphs 1-24 and all previous paragraphs and incorporate them as though fully set forth herein.

26. Because the policy constituted a contract of insurance between Beverly Lewison and the Defendant, there existed an implied covenant of good faith and fair dealing between them.

27. Beverly Lewison suffered a loss within the policy period that was compensable under the terms of the policy, provided timely notice to the Defendant of the occurrence giving rise to coverage, and demanded payment for the same.

28. The Defendant knew that there was a lack of reasonable basis for denial of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

29. The Defendant denied Beverly Lewison's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

30. The Defendant's refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to the Beverly Lewison, including, but not limited to, attorney's fees, financial distress and emotional distress.

31. The Defendant used unfair and deceptive acts and practices in dealing with Beverly Lewison's claim for coverage through, among other things, its failure to acknowledge and act on her claim, its failure to adhere to reasonable standards in promptly investigating the claim, its failure to promptly provide a reasonable explanation of the basis of the denial, and its failure to promptly settle Beverly Lewison's claim when liability was clear.

32. The Defendant's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling Beverly Lewison to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(1) For judgment against the Defendant in an amount to be determined by the jury that will fully compensate Plaintiffs for the severe and permanent injuries and all other damages that he has sustained;

(2) For pre-judgment and post-judgment interest;

(3) For punitive damages;

(4) For costs and disbursements herein; and

(5) For such other and further relief as the Court deems just and equitable.

Dated this 9th day of April, 2013.

          **JOHNSON, HEIDEPRIEM & ABDALLAH, L.L.P.**

          BY _____
          Scott A. Abdallah (sabdallah@jhalawfirm.com)
          Shannon R. Falon (shannon@jhalwfirm.com)
          P.O. Box 2348
          Sioux Falls, SD 57101-2348
          (605) 338-4304

          *Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

       _____
       Scott A. Abdallah
       Shannon R. Falon